[984 NYS2d 912]

In the Matter of JAMES R. LENNEY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, May 2, 2014

### APPEARANCES OF COUNSEL

*Anthony J. Gigliotti, Principal Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Timothy D. Foley*, Old Forge, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1972, and formerly maintained an office in Herkimer. The Grievance Committee filed a petition alleging four charges of misconduct against respondent, including neglecting client matters and failing to cooperate with the investigation of the Grievance Committee. By order entered June 12, 2013, this Court suspended respondent from the practice of law based upon his failure to file an answer to the petition and his obstruction of the disciplinary process. This Court subsequently granted the Grievance Committee leave to file an amended petition and, in February 2014, an amended petition was filed alleging two additional charges of misconduct. On February 21, 2014, respondent filed an answer admitting the charges, and he thereafter appeared before this Court and was heard in mitigation.

Respondent admits that he neglected two estate matters and that, after the clients retained replacement counsel, he failed to comply with requests from replacement counsel to forward the clients' legal files. Respondent additionally admits that, in May 2013, he agreed to represent the buyer and seller in a real estate transaction and, although respondent arranged for the parties to conclude the transaction in June 2013, respondent was suspended by this Court shortly thereafter. Respondent admits that he subsequently failed to advise the parties of the suspension and failed to respond to numerous inquiries from the parties regarding the status of the transaction. Respondent further admits that, from October 2012 through October 2013, he failed to respond to inquiries from the Grievance Committee, failed to

appear for a formal interview with counsel for the Grievance Committee, and evaded service of two subpoenas issued by this Court.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.1 (c) (2) (22 NYCRR 1200.0)—intentionally prejudicing or damaging a client during the course of the professional relationship;

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to him;

rule 1.3 (c) (22 NYCRR 1200.0)—intentionally failing to carry out a contract of employment entered into with a client for professional services;

rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;

rule 1.4 (a) (4) (22 NYCRR 1200.0)—failing in a prompt manner to comply with a client's reasonable requests for information;

rule 1.7 (a) (22 NYCRR 1200.0)—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining from each affected client informed consent to the representation, confirmed in writing;

rule 1.15 (c) (4) (22 NYCRR 1200.0)—failing to pay or deliver to a client in a prompt manner as requested by the client the funds, securities or other properties in his possession that the client is entitled to receive;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

In determining an appropriate sanction, we have considered respondent's statements in mitigation, which include his expression of remorse and his statement that the misconduct and failure to participate in this proceeding were the result of mental health issues for which he has since sought treatment. Accordingly, after consideration of all of the factors in this matter, we

conclude that respondent should be suspended for a period of one year, effective February 21, 2014. In addition, upon any application to this Court for reinstatement to the practice of law, respondent shall submit a report from his medical provider confirming that he is in compliance with any recommended mental health treatment program and that he continues to have the capacity to practice law. Final order of suspension entered.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of suspension entered.